1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                        SOUTHERN DISTRICT OF CALIFORNIA

10

11   JOHN PAUL THOMAS,                  )   Civil No. 07-1141-WVG
                                        )
12                    Plaintiff,        )   ORDER GRANTING DEFENDANTS'
                                        )   MOTION TO DISMISS
13   v.                                 )
                                        )   (Doc. # 23)
14   ROBERT HERNANDEZ, BOARD OF         )
     PRISON TERMS UNKNOWN DEPUTY        )
15   COMMISSIONER,                      )
                                        )
16                    Defendants.       )
                                        )
17   _____ )

18

19        John Paul Thomas(hereafter "Plaintiff"), an inmate proceeding

20   *pro se* and *in forma pauperis*, filed a Complaint pursuant to 42 U.S.C.

21   § 1983 (hereafter "Complaint") claiming that his civil rights were

22   violated in March 2007, when he was housed at the Richard J. Donovan

23   Correctional Facility. He sues Defendants Robert Hernandez and Board

24   of Prison Terms Unknown Deputy (hereafter "Defendant Hernandez,"

25   "Defendant Unknown Deputy," or collectively "Defendants"), in their

26   official and individual capacities, and seeks injunctive relief,

27   compensatory damages, and punitive damages.  Defendants have filed a

28   Motion to Dismiss the Complaint. Plaintiff has filed an Opposition to

07cv1141

1   the Motion. In Plaintiff's Complaint, Plaintiff consented to have the

2   undersigned conduct all proceedings in this case, including trial and

3   the entry of final judgment, pursuant to 28 U.S.C. §636(c) and Fed.

4   R. Civ. Pro. 73.  On April 16, 2010, Defendants also so stipulated.

5   The Court, having reviewed the Complaint, Opposition, the exhibits

6   attached thereto, and GOOD CAUSE APPEARING, HEREBY GRANTS Defendants'

7   Motion to Dismiss.

8                                      I

9                           FACTUAL ALLEGATIONS

10        On December 16, 2006, Plaintiff was served with a notice of

11  an institutional disciplinary hearing, CDC Serious Rule Violation

12  Report form 115 (hereafter "RVR").  The RVR alleged that Plaintiff

13  committed a battery on a peace officer. (Complaint at 3).

14        On January 10, 2007, Plaintiff was informed that the Board of

15  Prison Terms (hereafter "BPT"), gave him an "in house parole

16  violation," or a "parole revocation extension," because of the RVR.

17  (Complaint at 3).  On that same day, Plaintiff signed a BPT form

18  entitled, "Notice of Rights/Acknowledgment of Parole Revocation

19  Extension Proceedings," which started a thirty-five calendar day time

20  limit to hold his final parole revocation hearing. (Complaint at 3).

21        On February 14, 2007, the time limit expired.  After the time

22  limit expired, Plaintiff wrote a letter to Defendant Hernandez that

23  explained to Hernandez that Hernandez must dismiss the charges and

24  drop the "parole hold" against him.  Thereafter, Plaintiff received

25  from Hernandez a letter of denial. (Complaint at 3).

26        On March 15, 2007, Plaintiff had his parole revocation

27  extension hearing. At the hearing, Plaintiff's representative

28  explained that Plaintiff's parole revocation extension hearing had to

07cv1141

be dropped because the BPT allowed the thirty-five day deadline to lapse. Defendant Unknown Deputy responded that it would not matter because Plaintiff would still be in prison. (Complaint at 3). Plaintiff explained that the allegations of battery in the RVR were false and provided two witness statements to corroborate his version of the events. He claims that he did not assault a peace officer. Rather, the peace officer assaulted him. (Complaint at 4, 5). Plaintiff requested that the written statements be returned to him. The BPT told Plaintiff that it would return the statements to him by mail. Plaintiff claims that the statements were not returned to him. (Complaint at 5).

At the hearing, Plaintiff was found guilty of the Rule Violation and was given an additional 110 day sentence. (Complaint at 3, 4). Plaintiff claims that he requested final written documentation of the hearing, but Defendant Hernandez has not provided it to him. (Complaint at 4).

On May 10, 2007, Plaintiff filed a Petition for Writ of Habeas Corpus in the Superior Court. The Petition claimed that the result of the parole revocation hearing violated his constitutional rights. The Petition was denied because, as Plaintiff alleges, he failed to provide the court with the necessary documentation of the parole revocation hearing. Plaintiff alleges that the documentation to which the court referred was the final written documentation of the parole revocation hearing that was never given to him despite his request to receive it. (Complaint at 4).

Further, Plaintiff alleges that he needs the two above-noted written statements about how he was assaulted by a prison correct-

07cv1141

1  ional officer in order to pursue a separate lawsuit regarding the

2  assault. (Complaint at 5).

3                                  II

4                          PLAINTIFF'S CLAIMS

5       Plaintiff claims the following:

6  (1) His right to due process was violated because his parole

7  revocation hearing was held after the expiration of the 35-day period

8  to hold the hearing; and

9  (2) His right to due process was violated because Defendants denied

10  him access to the courts.

11      Defendants' Motion asserts:

12  (1) The Court does not have subject matter jurisdiction over

13  Plaintiff's claim regarding his parole revocation hearing; and

14  (2) Plaintiff's access to the courts claim should be dismissed because

15  Plaintiff attempted to advance a frivolous claim; Plaintiff was not

16  precluded from filing a lawsuit for assault against a correctional

17  officer; and Plaintiff, in fact, filed the lawsuit for assault against

18  the correctional officer.

19                                 III

20                          STANDARD OF REVIEW

21      A motion to dismiss for failure to state a claim pursuant to

22  FED. R. CIV. P. 12(b)(6) tests the legal sufficiency of the claims in

23  the complaint.   FED. R. CIV. P. 8(a)(2) requires only "a short and

24  plain statement of the claim showing that the pleader is entitled to

25  relief" in order to "give the defendant fair notice of what the ...

26  claim is and the grounds upon which it rests."   Bell Atlantic Corp.

27  v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355

28  U.S. 41, 47 (1957)); Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007).

07cv1141

1   Dismissal of a claim is appropriate only where the complaint lacks a

2   cognizable theory.  Bell Atlantic, 550 U.S. at 553-565.  The court

3   must accept as true all material allegations in the complaint, as well

4   as reasonable inferences to be drawn from them, and must construe the

5   complaint in the light most favorable to the plaintiff.  N.L.

6   Industries, Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986); Parks

7   School of Business, Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir.

8   1995).  The court does not look at whether the plaintiff will

9   "ultimately prevail." Scheuer v. Rhodes, 94 S.Ct. 1683, 1686 (1974).

10          "If a complaint is accompanied by attached documents, the

11   court is not limited by the allegations contained in the complaint.

12   These documents are part of the complaint and may be considered in

13   determining whether the plaintiff can prove any set of facts in

14   support of the claim." Roth v. Garcia Marquez, 942 F.2d 617, 625 n.1

15   (1991) [quoting Durning v. First Boston Corp., 815 F.2d 1265, 1267

16   (9th Cir.1987)]. "[W]hen the allegations of the complaint are refuted

17   by an attached document, the Court need not accept the allegations as

18   being true." Roth, 942 F.2d 625 n.1 [citing Ott v. Home Savings &

19   Loan Ass'n, 265 F.2d 643, 646 n.1 (9th Cir.1958)].

20          "The focus of any Rule 12(b)(6) dismissal . . . is the

21   complaint." Schneider v. California Dep't of Corrections, 151 F.3d

22   1194, 1197 n.1 (9th Cir. 1998).  Thus, when resolving a motion to

23   dismiss for failure to state a claim, the court may not generally

24   consider materials outside the pleadings.  Id.  This precludes

25   consideration of "new" allegations that may be raised in a plaintiff's

26   opposition to a motion to dismiss brought pursuant to FED.R.CIV.P.

27   12(b)(6).  Id. (citing Harrell v. United States, 13 F.3d 232, 236 (7th

28   Cir. 1993); 2 Moore's Federal Practice, § 12.34[2] (Matthew Bender 3d

07cv1141

1   ed.) ["The court may not . . . take into account additional facts
2   asserted in a memorandum opposing the motion to dismiss, because such
3   memoranda do not constitute pleadings under Rule 7(a)."].

4         To state a claim under 42 U.S.C. § 1983, a plaintiff must
5   show: (1) that the conduct complained of was committed by a person
6   acting under color of state law; and, (2)that the conduct deprived the
7   plaintiff of a constitutional right. Broam v. Bogan, 320 F.3d 1023,
8   1028 (9th Cir. 2003); Balistreri v. Pacifica Police Dept., 901 F.2d
9   696, 699 (9th Cir. 1988). Vicarious liability does not exist under §
10  1983. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1948 (2009); Jones v.
11  Williams, 297 F.3d 930, 934 (9th Cir. 2002) (citations omitted). To
12  hold a person "liable under section 1983 there must be a showing of
13  personal participation in the alleged rights deprivation." Id. A
14  supervisory official may be liable only if he or she was personally
15  involved in the constitutional deprivation, or if there was a
16  sufficient causal connection between the supervisor's wrongful conduct
17  and the constitutional violation. See Redman v. County of San Diego,
18  942 F.2d 1435, 1446 (9th Cir. 1991). Causation may be established only
19  by showing that the supervisor set in motion a series of acts by
20  others, which the supervisor knew or reasonably should have known
21  would cause others to inflict the injury. Watkins v. City of Oakland,
22  145 F.3d 1087, 1093 (9th Cir. 1998).

23        Where a plaintiff appears in propria persona in a civil rights
24  case, the Court must also be careful to construe the pleadings
25  liberally and afford plaintiff any benefit of the doubt. See Karim-
26  Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988);
27  Bretz v. Kelman, 773 F.2d 1026, 1027, n.1 (9th Cir. 1985) (en banc).
28  The rule of liberal construction is "particularly important in civil

07cv1141

1    rights cases." <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1261 (9th Cir.

2    1992); <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987) ("Presum-

3    ably unskilled in the law, the pro se litigant is far more prone to

4    making errors in pleading than the person who benefits from the

5    representation of counsel.").  In giving liberal interpretation to a

6    pro se civil rights complaint, however, a court may not "supply

7    essential elements of the claim that were not initially pled." <u>Ivey</u>

8    <u>v. Bd. of Regents of the University of Alaska</u>, 673 F.2d 266, 268 (9th

9    Cir. 1982).  "Vague and conclusory allegations of official participa-

10   tion in civil rights violations are not sufficient to withstand a

11   motion to dismiss." <u>Id.</u>; <u>see also</u> <u>Sherman v. Yakahi</u>, 549 F.2d 1287,

12   1290 (9th Cir. 1977) ("Conclusory allegations, unsupported by facts,

13   [will be] rejected as insufficient to state a claim under the Civil

14   Rights Act.").  Thus, at a minimum, even the pro se plaintiff "must

15   allege with at least some degree of particularity overt acts which

16   defendants engaged in that support [his] claim." <u>Jones v. Community</u>

17   <u>Redevelopment Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984).

18        "Unlike a Rule 12(b)(6) motion, a Rule 12(b)(1) motion can

19   attack the substance of a complaint's jurisdictional allegations

20   despite their formal sufficiency, and in doing so rely on affidavits

21   or any other evidence properly before the court." <u>United Here Int'l.</u>

22   <u>Union v. Pala Band of Mission Indians</u>, 583 F. Supp. 2d 1190, 1194

23   (S.D. Cal. 2008)[citing <u>St. Clair v. City of Chico</u>, 880 F.2d 199, 201

24   (9th Cir. 1989)]. In ruling on a challenge to subject matter jurisdic-

25   tion, the district court is ordinarily free to consider evidence

26   regarding jurisdiction, and may resolve factual disputes when

27   necessary. <u>United Here</u>, 583 F. Supp. 2d at 1194 [citing <u>Thornhill</u>

28   <u>Publishing v. General Tel. & Electric Corp</u>, 594 F.2d 730, 733 (9th

07cv1141

1  Cir. 1979)]. In such circumstances, presumptive truthfulness does not

2  attach to a plaintiff's allegations and the existence of disputed

3  material facts does not preclude the court from evaluating the merits

4  of the jurisdictional claim. <u>United Here</u>, 583 F. Supp. 2d at 1194-1195

5  (citing <u>Thornhill</u>, 594 at 733).

6                                    IV

7          <u>THE COURT DOES NOT HAVE JURISDICTION OVER PLAINTIFF'S</u>
                        <u>PAROLE REVOCATION CLAIM</u>

8          Plaintiff claims that his due process rights were violated

9  because his parole revocation hearing was not held within 35 days of

10 receiving and signing the parole revocation notice. Defendants argue

11 that the Court lacks jurisdiction over Plaintiff's claim.

12         On January 10, 2007, Plaintiff received and signed the parole

13 revocation notice. On March 15, 2007, the BPT held Plaintiff's parole

14 revocation hearing.  At the hearing, Plaintiff was found guilty of a

15 Rules Violation and was given an additional 110 day sentence.

16         Although it is not clear from Plaintiff's Complaint, Plaintiff

17 appears to allege that he is a member of a class of inmates governed

18 by the remedial Order of Permanent Injunction filed in <u>Valdivia v.</u>

19 <u>Schwarzenegger</u>, No. S-94-0671 LKK/GGH (E.D. Cal. March 9,

20 2004)(hereafter "<u>Valdivia</u> Order"). In <u>Valdivia</u>, the court certified

21 a class which consists of the following persons: (1) California

22 parolees who are at large; (2) California parolees in custody as

23 alleged parole violators, and who are awaiting revocation of their

24 state parole; and (3) California parolees who are in custody having

25 been found in violation of parole and sentenced to prison custody.

26 (<u>Valdivia</u> Order at 1).

27         Further, the <u>Valdivia</u> Order states: "For all parolees who do

28 not waive or seek a continuance of a final revocation hearing,

                                    8

07cv1141

1  Defendants shall provide a final revocation hearing on or before the

2  35th calendar day after the placement of the parole hold." [Valdivia

3  Order at 4, 6, Sections IV.11(b)(iv) and 23](attached to Defendant's

4  Memorandum of Points and Authorities is Support of Motion to Dismiss,

5  Exh. A).[1/]

6      Here, Plaintiff appears to be a member of the class in that

7  he is in custody and has been found in violation of parole and

8  sentenced to prison custody. Therefore, the requirements of the

9  Valdivia Order appear to apply to him.  For purposes of this Order,

10 the Court will so assume.

11     The Court lacks subject matter jurisdiction over Plaintiff's

12 parole revocation claim because the Valdivia court expressly retained

13 jurisdiction over such claims. (Valdivia Order at 7, Section VII.

14 28.). Brown v. Cate, 2009 WL 1858119 at *5 (E.D. Cal. June 29, 2009);

15 Soto v. Board of Prison Terms, 2007 WL 2947573 at *2 (E.D. Cal.

16 October 9, 2007). Therefore, Plaintiff must seek the relief requested

17 in his parole revocation claim in the Court that issued the Valdivia

18 Order.

19     Further, a remedial order, standing alone can not form the

20 basis of liability under 42 U.S.C. §1983. Green v. McKaskle, 788 F.2d

21 1116, 1123 (5th Cir. 1986). Moreover, in order to state a claim that

22 failure to hold a timely parole revocation hearing violated a

23 plaintiff's constitutional rights, a plaintiff must show that the

24 delay in holding the parole revocation hearing was both unreasonable

25 and prejudiced his rights. Hopper v. U.S. Parole Commission, 702 F.2d

26 842, 845 (9th Cir. 1983).

27

28  [1/]  The Court takes judicial notice of the Valdivia Order pursuant to
        Fed. Rule of Evid. 201, and United Here, 583 F. Supp. 2d at 1194–
        1195.

1    In <u>Poynor v. U.S. Parole Commission</u>, 878 F. 2d 275, 277 (9th

2  Cir. 1989), a plaintiff inmate parolee alleged in a petition for writ

3  of habeas corpus that he was entitled to relief because he suffered

4  an eight month delay in having his parole revocation hearing. The

5  court reiterated that an inmate-parolee who makes a claim that his

6  parole revocation hearing was untimely must show prejudice before

7  relief can be granted.

8    Here, Plaintiff's Complaint refers to the reporting correc-

9  tional officer's statements at the March 15, 2007 parole revocation

10 hearing, that the correctional officer "could not remember due to the

11 time lapse." (Complaint at 4). Plaintiff argues that had the parole

12 revocation hearing been timely held, the correctional officer would

13 have remembered and the correctional officer's testimony would have

14 been crucial to his defense at the parole revocation hearing.

15    As previously noted, on January 10, 2007, Plaintiff signed the

16 BPT's Notice of Rights/Acknowledgment of Parole Revocation Proceed-

17 ings. On March 15, 2007, the parole revocation hearing was held.  64

18 days elapsed between January 10, 2007 and March 15, 2007.  Therefore,

19 Plaintiff's parole revocation hearing was delayed for 29 days after

20 the day Plaintiff claims it should have been held,(64 - 35 = 29),

21 presumably pursuant to the <u>Valdivia</u> Order.

22    Plaintiff's allegation about what the correctional officer

23 could not remember is unclear.  Nevertheless, he assumes that had the

24 correctional officer been able to remember, his testimony at the

25 parole revocation hearing would have supported Plaintiff's version of

26 the events and the BPT would have believed him. Plaintiff's assertions

27 in these regards are mere speculation.  Therefore, the Court can not

28 conclude that if the correctional officer remembered unspecified facts

07cv1141

1   and circumstances, he would have testified in support of Plaintiff and

2   that the BPT would have believed him.  Further, the Court finds it

3   unlikely that the correctional officer's memory would have been

4   different prior to the 29 day delay in holding the parole revocation

5   hearing. Accordingly, Plaintiff has failed to show that he was

6   prejudiced in this regard.  Further, Plaintiff does not assert any

7   facts to show that the 29 day delay was unreasonable under the

8   circumstances.

9        As a result, the Court GRANTS Defendant's Motion to Dismiss

10  for lack of subject matter jurisdiction and alternatively for

11  Plaintiff's failure to show that the 29 day delay in holding his

12  parole revocation hearing was unreasonable, or that he was prejudiced

13  because of the delay.

14       To the extent that Plaintiff claims that he is not a member

15  of the class in Valdivia, and he does not bring his claim for the

16  untimely parole revocation hearing pursuant to Valdivia, he is given

17  leave of court to file an Amended Complaint.

18                                  V

19  PLAINTIFF FAILS TO STATE A CLAIM FOR DENIAL OF ACCESS TO THE COURTS

20       Plaintiff claims that he was denied access to the courts

21  because Defendant Unknown Deputy failed to return to him the "final

22  written documentation" of his parole revocation hearing. He asserts

23  that his failure to present the "final written documentation" of the

24  parole revocation hearing to the California Superior Court caused it

25  to deny his Petition for Writ of Habeas Corpus.  Further, Plaintiff

26  claims that since the BPT did not return to him the two written

27  witness statements that he presented at the parole revocation

28  hearing, his "right to file a lawsuit against the assault has been

07cv1141

1    extremely delayed/hindered to the point of denial of access to the

2    courts." (Complaint at 4), and that "without these written state-

3    ments, (he has) been denied the ability to begin writing up my

4    complaint and form my legal strategy." (Complaint at 5). Defendants

5    argue that Plaintiff's claim should be dismissed because his Petition

6    for Writ of Habeas Corpus was frivolous.   Defendants also argue that

7    their actions did not prevent Plaintiff from filing a lawsuit for

8    assault against a correctional officer, and in fact, Plaintiff filed

9    the lawsuit for assault against the correctional officer.

10         Under the First and Fourteenth Amendments to the Constitu-

11   tion, state prisoners have a right of access to the courts. Lewis v.

12   Casey, 518 U.S. 343, 346 (1996). "(A)ccess to the courts means the

13   opportunity to prepare, serve and file whatever pleadings or other

14   documents are necessary or appropriate in order to commence or

15   prosecute court proceedings affecting one's personal liberty. Id. at

16   384.

17         When a prisoner asserts that he was denied access to the

18   courts and seeks a remedy for a lost opportunity to present a legal

19   claim, he must show: (1) the loss[2/] of a non-frivolous or arguable

20   underlying claim; (2) the official acts that frustrated the litiga-

21   tion; and (3) a remedy that may be awarded as recompense but that is

22   not otherwise available in a future suit. Phillips v. Hust, 477 F.3d

23   1070, 1076 (9th Cir. 2005), citing Christopher v. Harbury, 536 U.S.

24   403, 413-414 (2002), overruled on other grounds, Hust v. Phillips,

25   129 S.Ct. 1036 (2009). The right of access to the courts ensures that

26   a complaint for violation of civil rights or a petition for writ of

27

28   _____

      [2/]    "Loss" in this context means that a plaintiff was unable to file his
             claim due to circumstances beyond his control.

1  habeas corpus filed by a person in custody will reach the court for
2  consideration. Once a claim reaches a court, a person in custody is
3  in the same position as a person who is not in custody, to file a
4  civil rights complaint or a petition for writ of habeas corpus.
5  Cornett v. Donovan 51 F.3d 894, 899 (9th Cir. 1995), citing Hooks v.
6  Wainright, 775 F.2d 1433, 1436 (11th Cir. 1985), cert. denied 479 U.S.
7  913 (1986).

8              1. Denial of Petition for Writ of Habeas Corpus

9       Plaintiff claims that Defendant Unknown Deputy's failure to
10 provide him "final written documentation" of his parole revocation
11 hearing caused the California Superior Court to deny his Petition for
12 Writ of Habeas Corpus.

13      As noted above, in order to state a claim for denial of
14 access to the courts, Plaintiff must allege the loss of a non-
15 frivolous or arguable underlying claim.  Here, Plaintiff claims that
16 the Superior Court denied his Petition for Writ of Habeas Corpus due
17 to his failure to provide the court with the necessary documentation
18 to support his Petition.  However, Plaintiff *filed* the Petition for
19 Writ of Habeas Corpus in the California Superior Court.  Therefore,
20 the Petition for Writ of Habeas Corpus reached the court for
21 consideration and the court considered the Petition. As a result,
22 Plaintiff did not lose his claim, or present facts to suggest that
23 he was unable to file his claim due top circumstances beyond his
24 control.

25      Further, as previously noted, in order for Plaintiff to
26 maintain a claim for denial of access to the courts with regard to
27 his untimely parole revocation hearing, he must allege that the delay
28 in holding the parole revocation hearing was unreasonable and

07cv1141

1    prejudiced his rights. <u>Hopper</u>, <u>supra</u> at 845; <u>Poynor</u>, <u>supra</u> at 277.

2    The Court has already concluded that Plaintiff's Complaint fails to

3    indicate any facts to suggest that the parole revocation hearing

4    delay was unreasonable or that the delay prejudiced his rights.

5    Therefore, the relief sought by Plaintiff in his Petition for Writ

6    of Habeas Corpus was unavailable. <u>Hopper</u>, <u>supra</u> at 845; <u>Poynor</u>, <u>supra</u>

7    at 277; <u>Berg v. U.S. Parole Commission</u>, 735 F.2d 378, 379 n.3 (9th

8    Cir. 1984).  Moreover, Plaintiff may file another Petition for Writ

9    of Habeas Corpus in the California Superior Court and/or appellate

10   court that is supported by the "final written documentation" of the

11   parole revocation hearing, after he receives that documentation.

12   Therefore, Plaintiff is afforded a remedy that is available in a

13   future petition for writ of habeas corpus.  As a result, Plaintiff

14   fails to meet at least two elements required to allege a claim for

15   denial of access to the courts. Consequently, Defendants' Motion to

16   Dismiss in this regard is GRANTED.  Plaintiff  is given leave to

17   amend his Complaint to cure the deficiencies therein as noted by the

18   Court.

19                2. <u>Right to File a Lawsuit</u>

20        Plaintiff claims that he has been unable to file a lawsuit

21   for assault against a correctional officer because the BPT did not

22   return to him two witness statements that he presented at his parole

23   revocation hearing.  Defendants argue that Plaintiff admitted that

24   he did not file the lawsuit because he feared retaliation from

25   correctional officers and that he, in fact, filed the lawsuit against

26   the correctional officer.

27        Plaintiff's Complaint clearly alleges that Plaintiff did not

28   file a lawsuit against a correctional officer for fear of retaliation

07cv1141

1  from correctional officers. Plaintiff's Complaint states in pertinent

2  part: "(The correctional officer) was lying to justify his unprovoked

3  attacking and assaulting me (upcoming lawsuit to be filed after

4  paroled due to safety issues with peace officers.)" (Complaint at 4).

5  Here, Plaintiff's allegations establish that he did not file the

6  lawsuit against a correctional officer who allegedly assaulted him

7  because he feared retaliation for filing the lawsuit.  However,

8  Plaintiff fails to allege any acts of any correctional officer that

9  prevented him from filing the lawsuit, or that a remedy is not

10  available to him in a future lawsuit against the correctional officer

11  who allegedly assaulted him.

12      Moreover, Plaintiff, in fact, filed the lawsuit he alleges he

13  could not file. The Court's records reflect that on the same day that

14  Plaintiff filed the instant lawsuit (June 22, 2007), Plaintiff also

15  filed another lawsuit against the correctional officer who allegedly

16  assaulted him. (U.S. District Court, Southern District of California,

17  Case No. 07-1142, Doc. #1).  On June 5, 2008, the Court dismissed that

18  lawsuit for failure to prosecute. (U.S. District Court, Southern

19  District of California, Case No. 07-1142, Doc. #8).

20      Therefore, since Plaintiff filed a lawsuit against the

21  correctional officer who allegedly assaulted him, his claim that he

22  has been denied access to the courts is belied by the Court's records.

23  Consequently, the Court concludes that Plaintiff did not lose the

24  opportunity to present to the Court his claim regarding the alleged

25  assault. As a result, Plaintiff was not denied access to the

26  courts with regard to the lawsuit for assault.  Defendant's Motion to

27  Dismiss in this regard is GRANTED.

28

07cv1141

1                        VI

2                  <u>CONCLUSION</u>

3       The Court, having reviewed Defendants' Motion to Dismiss and

4 Plaintiff's Opposition to the Motion to Dismiss, HEREBY GRANTS

5 Defendants' Motion to Dismiss with leave to amend.

6       If Plaintiff wishes to further pursue this litigation, he shall

7 file a First Amended Complaint that addresses the deficiencies in his

8 Complaint as noted in this Order.  The First Amended Complaint shall

9 be filed on or before <u>October 13, 2010</u>.  If Plaintiff does not file a

10 First Amended Complaint on or before the date noted above, the Court

11 shall dismiss this action in its entirety.

12

13 DATED:  September 13, 2010

14

15                            _____

16                            Hon. William V. Gallo
                             U.S. Magistrate Judge

17

18

19

20

21

22

23

24

25

26

27

28

07cv1141